BROOME *et al. v.* LOUISVILLE & NASHVILLE R. Co. *et al.*

(*Knoxville,* September Term, 1951.)

Opinion filed June 7, 1952.

250

Lewis B. Bolt, Jr., of Knoxville, for appellants.

James B. Wright and Earl E. Leming, both of Knoxville, for appellees.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal presents a bill filed by Broome and Hargrove in the Chancery Court of Knox County, as members of the Brotherhood of Locomotive Firemen and Enginemen, to establish rights of employment under a Collective Bargaining contract of employment "under the Railway Labor Act, 45 U. S. C. A. Section 151 et seq.," made exhibit to the bill, dated July 1, 1946, between the defendant Railroad and the defendant Brotherhoods. The Complainants asserted that they were third-party beneficiaries under that contract; that they were wrongfully discharged on Sepember 1, 1949, as result of a conspiracy between the Railroad and the Brotherhoods, and prayed the following relief:

(1) That the attempted cancellation of their employment be declared null and void.

(2) That the Railroad be required to specifically perform its contract.

(3) That the Railroad be required to reinstate the complainants.

(4) That the complainants have judgment against all the defendants for back wages, accruing since their wrongful discharge.

All the defendants filed motions to dismiss, and the Honorable JOHN M. KELLY, Circuit Judge, sitting by interchange as Special Chancellor, after hearing argument, sustained the motions as to all defendants, and dismissed complainants' bill. The complainants have perfected this appeal.

█ Since we find and hold that the State Courts have no jurisdiction of this controversy under the authority of *Slocum* v. *Delaware, L. & W. R. Co.*, 339 U. S. 239, 70 S. Ct. 577, 94 L. Ed. 795, other questions presented by the appeal are immaterial.

In the Slocum case, the Railroad had separate collective bargaining agreements with the Order of Railroad Telegraphers and Brotherhood of Railway Clerks. A dispute arose between the two Unions, concerning the scope of their respective agreements. The Railroad sided with one Union against the other, and when this did not settle the dispute, the Railroad filed a bill in the State Court of New York, seeking a Declaratory Judgment. After the case had been carried through the various State Courts and had been adjudicated by the Court of Appeals of New York, the Supreme Court of the United States granted certiorari.

After hearing that petition, the Supreme Court of the United States held:

"We hold that the jurisdiction of the Board (the Adjustment Board) to adjust grievances and disputes of the type here involved is exclusive. The holding of the Moore case does not conflict with this decision, and no contrary inference should be drawn from any language in the Moore opinion. It was error for the New York courts to uphold a declaratory judgment interpreting these collective-bargaining agreements. The judgment of the New York Court of Appeals is reversed and the cause is remanded for further proceedings not inconsistent with this opinion." 339 U. S. 239, 70 S. Ct. 580, 94 L. Ed. 800-801.

█ The "Moore Case" referred to in the foregoing quotation is the case of *Moore* v. *Illinois Cent. R. R. Co.,* 312 U. S. 630, 61 S. Ct. 754, 85 L. Ed. 1089, and is cited by complainants to support their appeal. The Moore case is basically and essentially different from the case before us. In the Moore case, the discharged employee accepted his discharge but sued for damages for breach

of contract. He did not seek specific performance of the contract, nor to have his rights of employment established under a collective bargaining agreement under the provisions of the Railway Labor Act. In any event, since we hold that the remedy sought in the present case, brings it within the authority of the Slocum case, and since Mr. Justice Black, who delivered the majority opinion in the Slocum case, distinguishes that case from the Moore case, we are bound by that distinction.

■ The decision in the Slocum case is consistent with the long accepted principle that when Congress "occupies the field" in an area of Federal jurisdiction, the authority of the State legislative and judicial bodies is terminated, and this doctrine is particularly applicable to the field of labor relations under the Commerce Clause. Art. 1, Section 8, cl. 3. *Bethlehem Steel Co.* v. *New York State Labor Relations Board,* 330 U. S. 767, 67 S. Ct. 1026, 91 L. Ed. 1234; *LaCrosse Telephone Corp.* v. *Wisconsin Employment Relations Board,* 336 U. S. 18, 69 S. Ct. 379, 93 L. Ed. 463; *California* v. *Zook,* 336 U. S. 725, 69 S. Ct. 841, 93 L. Ed. 1005. The Slocum case is entirely consistent with the decision of the Supreme Court in *Order of Railway Conductors* v. *Pitney,* 326 U. S. 561, 66 S. Ct. 322, 90 L. Ed. 318.

■ Judgment in the Moore case, supra, merely adjudicates the effect of past relations between the parties, whereas a judgment here and in the Slocum case, affects not only past relations, but the future status of the complainants and other employees with the Railroad and the Brotherhoods. *Slocum case,* 339 U. S. 239, 70 S. Ct. 577, 94 L. Ed. at page 799. Jurisdiction of the latter controversy is exclusively Federal under the Commerce Clause.

■ Since we hold that the State Courts have no jurisdiction to entertain the bill, we also hold that the State Courts have no jurisdiction to make a declaration whether before resorting to the courts, the complainants must exhaust their remedies before wage adjustment tribunals of the defendant brotherhoods, or before the National Railroad Adjustment Board. We make no decision of these points presented by the defendants in their briefs on this appeal.

The decree of the Special Chancellor dismissing the bill, is affirmed at the cost of the complainants.