CENTRAL OF GEORGIA RAILWAY COMPANY *v.*
CULPEPPER *et al.*

No. 18183. Argued April 13, 1953—Decided May 11, 1953—Rehearing denied June 11, 1953.

*A. R. Lawton* and *John B. Miller*, for plaintiff in error.

*Benning M. Grice* and *Harold C. Heiss & Russell B. Day*, contra.

WYATT, Justice. 1. Plaintiff in error states in its brief: "The sole assignment of error which the Central requests this court to consider is that the trial court erred in overruling the general demurrer of the Central and should have sustained the demurrer, and dismissed the petition of the Brotherhood *for want of jurisdiction.* The sole issue of law to be considered is whether or not the trial court has jurisdiction to hear the issues raised and grant the relief prayed in this case when the Brotherhood has not exhausted its administrative remedies." Therefore, the only question presented is whether or not the petition shows on its face that the court below was without jurisdiction of this cause. The other grounds of the general demurrer will be considered as abandoned.

2. The question here presented arises under the provisions of the Railway Labor Act, U.S.C.A., Tit. 45, § 151 et seq. relating to the jurisdiction and powers of the National Railroad Adjustment Board in the settlement of disputes between a carrier and its employees. The particular provision involved is found in U.S.C.A., Tit. 45, § 153 (i), and reads as follows: "The disputes between an employee or a group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on June 21, 1934, shall be handled in the usual manner up to and including the chief operating officer of the carrier de-

signated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of facts and all supporting data bearing upon the disputes."

Two questions are here presented. First, does the above provision give the Adjustment Board exclusive primary jurisdiction in all disputes between a carrier and its employees which grow out of or relate to grievances or interpretation or application of agreements concerning rates of pay, rules, or working conditions; and secondly, if the Adjustment Board does not have exclusive primary jurisdiction in all such cases, is the instant case a case in which the plaintiffs are not required to exhaust their administrative remedies before resort to the courts can be had?

It is clear that the Railway Labor Act, supra, was not intended to vest exclusive primary jurisdiction in all cases in the Adjustment Board. See Moore v. Illinois Central R. Co., 312 U.S. 630 (61 Sup. Ct. 754, 85 L. ed. 1089). Plaintiff in error contends, however, that the later cases of Order of Railway Conductors v. Pitney, 326 U.S. 561 (66 Sup. Ct. 322, 90 L. ed. 318), and Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239 (70 Sup. Ct. 577, 94 L. ed. 795), have the effect of overruling the Moore case, supra, and represent authority for the proposition that the National Adjustment Board has exclusive jurisdiction in these cases.

We do not agree. The Moore case, supra, is clearly distinguishable from the Pitney case, supra, and the Slocum case, supra. The Moore case was a suit to recover damages for unlawful discharge, while the Pitney case and the Slocum case were primarily for the purpose of determining future relations between the carrier and certain unions representing its employees.

The opinions of the Supreme Court of the United States have laid down certain rules with regard to the relationship between the National Railroad Adjustment Board and the courts under the National Railway Labor Act, supra. A petitioner is not required to exhaust his administrative remedies under the Railway Labor Act before resort to the courts can be had when it is clearly shown that the statute is so obviously violated as to sacrifice or obliterate a right which Congress has created to pro-

tect the interest of individuals or the public. Texas & N. O. R. Co. *v.* Brotherhood of Railway & Steamship Clerks, 281 U.S. 548 (50 Sup. Ct. 427, 74 L. ed. 1034) ; Virginian Ry. Co. *v.* System Federation No. 40, 300 U.S. 515 (57 Sup. Ct. 592, 81 L. ed. 789). Nor is a petitioner required to exhaust his administrative remedies when the suit is primarily for the redress of a completed wrong or to prevent a wrong which will result in irreparable injury to the petitioner and does not involve the establishing of a guide or standard for the future relations between the carrier and its employees, or does so only incidentally. Moore *v.* Illinois Central R. Co., supra, and Order of Railway Conductors *v.* Pitney, supra.

A petitioner will be required to exhaust his administrative remedies before resort to the courts will be allowed when the determination of the suit will result primarily in a determination of future relations between the carrier and its employees, although it may appear that the petitioner would have been entitled to some relief in the absence of the Railway Labor Act, supra. Order of Railway Conductors *v.* Pitney, supra, and Slocum *v.* Delaware L. & W. R. Co., supra.

3. From the above it will appear that the National Railroad Adjustment Board does not have exclusive primary jurisdiction in all cases arising out of or relating to disputes concerning the interpretation or application of collective-bargaining agreements regarding rates of pay, rules, or working conditions. The question then is, whether or not the instant case is one which shows on its face that it is a case in which the petitioners are required to exhaust their administrative remedies before they can resort to the courts.

We hold that it is not. We, of course, consider the case as it comes to us. That is, on demurrer and only as to whether or not the petition shows on its face that the court below was without jurisdiction. Whether or not the court below had jurisdiction is, of course, a different question from whether or not the petition sets out a cause of action, since a court having jurisdiction does not have jurisdiction only of good causes but also of bad causes.

The petition in the instant case alleges that the carrier is preparing to put into effect a plan with regard to certain firing

assignments, which is a breach of the collective-bargaining agreement between the union and the carrier, and that such threatened breach will result in irreparable injury to the petitioners and those represented by them. The petition sets out the manner in which the petitioners will be irreparably injured. We do not consider whether or not the allegations as to irreparable injury are sufficient, since that question is not before us, but must assume that they are sufficient since the court below so ruled.

Under the circumstances above set out, the instant case is very similar to Moore v. Illinois Central R. Co., supra, and is controlled by it. True it is that the relief sought in the Moore case and in the instant case is different. However, the relief in each case is relief given under the general law, in a proper case, for breach of contract, to wit, in the Moore case damages for breach of contract, and in the instant case injunction to prevent a breach of contract which will result in irreparable injury. Petitioners in the instant case, as in the Moore case, are not seeking relief under the Railway Labor Act, but are seeking relief provided by the general law of this State, in a proper case, to everyone in a similar situation, and in no way dependent upon the Railway Labor Act. We have, therefore, simply a suit to enjoin a threatened breach of contract, which it is alleged will result in irreparable injury to the petitioners. Our courts have always had jurisdiction to hear such cases, and the Railway Labor Act was not intended to take this jurisdiction from them.

4. Request is made to review and overrule the case of *Evans* v. *Louisville & Nashville R. Co.*, 191 *Ga.* 395 (12 S. E. 2d, 611). Since nothing that is ruled in that case is in conflict with what is here held, the request to review and overrule that case is denied.

5. It follows, the judgment of the court below was not error for any reason assigned.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*