**SIGFRED**

v.

**PAN AMERICAN WORLD AIR-WAYS, Inc.**

**Civ. A. No. 5648–M.**

United States District Court
S. D. Florida, Miami Division.

Aug. 3, 1954.

Walton, Hubbard, Schroeder, Lantaff & Atkins, Miami, Fla., for plaintiff.

Smathers, Thompson, Maxwell & Dyer, Miami, Fla., for defendant.

HOLLAND, Chief Judge.

This cause came on to be heard upon plaintiff's motion, entitled motion for new trial, rehearing, reargument, reconsideration of and relief from order of dismissal dated July 22, 1954.

The complaint in this case alleges that the defendant, Pan American World Airways, breached their contract with the Air Line Pilots Association International and the plaintiff, Sture V. Sigfred, a member of the Association. The plaintiff alleges that the defendant failed to fully compensate him under the terms of the agreement during a period of disability which allegedly continues to the present and will extend into the future.

On July 22, 1954, upon motion of the defendant, the Court dismissed the complaint for lack of jurisdiction.

On July 22, 1954, the Court was of the opinion that this action was an attempt to impeach an arbitration award rendered by a board of arbitration, and, therefore, dismissed the cause pursuant to 45 U.S.C.A. § 159. But upon re-examination of the pleadings, it appears that the case did not proceed to an arbitration board, and, therefore, Section 159 does not apply.

This case was allegedly handled in the usual manner up to and including the Division Manager of the Company, who is the chief operating officer of the carrier designated to handle such disputes.

This cause was thereafter presented to the System Board of Adjustment; it does not appear to have been carried to either the National Air Transport Adjustment Board under Section 185, nor thereafter voluntarily submitted to a board of arbitration under Section 181, 157–159.

The defendant contends that paragraph (1) of the agreement, on page 46, between the company and the pilots makes the decisions of the System Board of Adjustment "final and binding" upon the parties thereto. Paragraph (n) of the same agreement on page 46 provides that nothing in the contract shall "limit, restrict or abridge the rights or privileges * * * under the provisions of the Railway Labor Act, as amended. * * *" (Of course, this would follow whether contained in the agreement or not.) Section 184 requires the establishment of an adjustment board having jurisdiction not exceeding that of system, group or regional boards of adjustment under the authority of Section 153. Section 153, Second, provides that if either party is dissatisfied with the arrangement under a system board of adjustment it may elect to come under the jurisdiction of the Adjustment Board. Section 153, First, paragraph (m), provides that awards of the Adjustment Board shall be "final and binding" upon both parties to the dispute, except insofar as they shall contain a money award, but paragraph (p) when dealing with the enforceability of such award in the District Court provides that on the trial "the findings and order * * * shall be prima facie evidence of the facts therein stated."

In Case No. 3774-M-Civil in this court, Sture V. Sigfred v. Pan American World Airways, Inc., the Court dismissed the complaint for declaratory decree in the state court action removed to this court, based on the same cause and required the plaintiff to exhaust his administrative remedies, or make an election to pursue a statutory or common-law remedy. The plaintiff has exhausted the administrative remedies necessary and here pursues his remedy for breach of contract.

In the case of Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, the Supreme Court held that the petitioner there was not required to submit his case to the Adjustment Board under the Railway Labor Act as a prerequisite to bringing a suit for wrongful discharge. In the case of Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325, the Supreme Court reviewed the case of the reverse title reported in 8 Cir., 199 F.2d 117, and citing the Moore case with approval explains the law on pages 661, 662 of 345 U.S., on page 910 of 73 S.Ct., as follows:

"* * * Such employee may proceed either in accordance with the administrative procedures prescribed in his employment contract or he may resort to his action at law for alleged unlawful discharge if the state courts recognize such a claim. Where the applicable law permits his recovery of damages without showing his prior exhaustion of his administrative remedies, he may so recover, as he did in the Moore litigation, supra, under Mississippi law. On the other hand, if the applicable local law, as in Missouri, requires an employee to exhaust his administrative remedies under his employment contract in order to sustain his cause of action, he must show that he has done so."

In view of the authorities cited and the allegations of the complaint, relating to administrative remedies exhausted and the breach of contract, the Court vacates its former order and accepts jurisdiction of the cause.

It is, therefore,

Ordered that the order entered on July 22, 1954, be and the same is hereby vacated, and it is further

Ordered that the motion to dismiss of the defendant be and the same is hereby denied.