**Walter J. GUSZKOWSKI, Plaintiff,**

v.

**U. S. TRUCKING CORPORATION, a New York corporation licensed to do business in New Jersey, Defendant.**

**Civ. A. No. 908-57.**

United States District Court
D. New Jersey.
April 28, 1958.

Bracken & Walsh, Newark, N. J., for plaintiff.

Davidson & Miniutti, Jersey City, N. J., Herbert Burstein, New York City, of counsel, for defendant.

MEANEY, District Judge.

A motion has been made by the defendant corporation to dismiss the amended complaint heretofore filed by the plaintiff in the above-entitled case. The grounds alleged for dismissal are (1) that the court lacks jurisdiction over the subject matter of the complaint, and (2) that the plaintiff has stated no claim upon which an action for damages may be based.

The plaintiff in his amended complaint seeks money damages for what he terms wrongful discharge by his employer, the defendant corporation. He alleges that he has been an employee of the defendant and its predecessor for a period of twenty-seven years and that for the full term of said employment he has been a member in good standing of Local 641 of the International Brotherhood of Teamsters, etc. The complaint states that there existed during the time of his employment up to the time of his dismissal, a collective bargaining agreement which among other things made provision for the basis for and method of discharge and suspension of employees and established a "grievance procedure." Plaintiff alleges that in May, 1957 he was discharged on a trumped up accusation of "loafing on the job", and that the dismissal was the result of an agreement between the defendant employer and the Union to use this as a pretext to "get rid of plaintiff"; that on the date of receipt of notice of his dismissal he, with the aid of a Union official, drafted and submitted in writing his notice of intention to appeal his discharge, but that his efforts to secure reinstatement were frustrated by the actions of the defendant and the Union, which allegedly constituted a conspiracy on their part, the Union refusing to take any steps in his behalf; that complaint against the Union would be "vain, illusory and impracticable" as it would require various administrative proceedings culminating in a final appeal to the International Convention of the Union, slated to be held in 1962 at an as yet unspecified place. Plaintiff therefore instituted suit for $100,000 for wrongful discharge.

Defendant questions the jurisdiction of this court in the instant suit because of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq. In addition it asserts that the plaintiff is not entitled to maintain an action at law, but is left to such administrative remedies as may exist, being barred from direct action against the employer by the substantive law of New Jersey.

## Jurisdiction

The jurisdictional question here presented, in so far as the area of exclusiveness of the Labor Management Relations Act of 1947 is concerned, has never been passed on directly by the Supreme Court. However, there is fruitful matter for thought to be found in Textile Workers Union v. Lincoln Mills, 1957, 353 U.S. 448, footnote 9 at page 459, 77 S.Ct. 912, 919, 1 L.Ed.2d 972, where the court made the following comment:

"Whether there are situations in which individual employees may bring suit in an appropriate state or federal court to enforce grievance rights under employment contracts where the collective bargaining agreement provides for arbitration of those grievances is a question we do not reach in this case. Cf. Association of Westinghouse Employees

v. Westinghouse Electric Corp., 348 U.S. 437, 460, 464; Moore v. Illinois Central R. Co., 312 U.S. 630; Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239; Transcontinental Air v. Koppal, 345 U.S. 653."

The significance of the last three cases referred to lies in the fact that the Supreme Court, in cases affected by the Railway Labor Act, 45 U.S.C.A. § 151 et seq., concluded that the Act did not prevent an aggrieved railroad employee from pursuing an action for wrongful discharge in an appropriate court and that the substantive law of the state in which the cause of action arose controls the validity of the cause of action by determining whether it be a prerequisite to the institution of suit that the employee must first pursue all administrative remedies provided for in the agreement under which he makes his claim. It appears to this court that analogically there should be no bar in the Labor Management Relations Act to the cause of action in the case at bar, in so far as jurisdiction is concerned, and the question of initial jurisdiction for the purpose of the motion is resolved in favor of such jurisdiction. The court arrives at this finding having in mind the case of Anson v. Hiram Walker & Sons, 7 Cir., 1955, 222 F.2d 100, and the prevailing tendency of the courts to render more exclusive the jurisdiction of federal boards and commissions where anything in the nature of a labor dispute or an unfair labor practice is involved.

Considering now the question of whether plaintiff's claim may be pressed in his action for damages for wrongful discharge, the matter of the substantive law of the State of New Jersey must be examined.

In a recent decision of the New Jersey Supreme Court, Jorgensen v. Pennsylvania R. R. Co., 1958, 25 N.J. 541, 138 A.2d 24, 33, the plaintiff abandoned the administrative remedies provided by the collective bargaining agreement and the Railroad Labor Act, and instituted suit for damages for alleged wrongful discharge. In reviewing the applicable law of New Jersey in cases where the contract of employment is based on a collective bargaining agreement, the court held that the doctrine of exhaustion of administrative remedies is well established in New Jersey. However, it further holds that this doctrine is not an absolute rule and is subject to several exceptions, among them where the jurisdiction of the administrative tribunal is doubtful, where the disposition of the matter depends solely on a question of law, where the charges are so palpably defective as to make the jurisdiction of the tribunal merely colorable, or where the administrative remedies are "futile, illusory or vain."

With the findings of the Jorgensen case in mind, consideration of the claim of the plaintiff in the case at bar presents several facets. In the first place, it must be recognized that the plaintiff's contract of employment is based on the collective bargaining agreement in existence between the defendant and the Union of which the plaintiff is a member. There are two pertinent provisions which have a bearing on the disposition of the present motion. They provide as follows:

"Article VIII—Grievance Procedure and Union Liability

"Section 1. * * * * * *

"(e) In the event the Joint Metropolitan Area Committee is deadlocked on any case involving the discharge of an employee, the question as to the justification for such discharge must be submitted to final and binding arbitration. It is understood that only cases involving discharge of an employee are required to be submitted to final arbitration. In the event the Joint Area Committee is unable to agree on an arbitrator to hear and determine discharge cases, then the Joint Metropolitan Area Committee must request the State or Federal Mediation Service to appoint an arbitrator. Such arbitrator appointed shall hear and determine the dispute and his decision is final and binding on all parties.

* * * * * *

**"Article X—Discharge or Suspension**

**"Section 1.**

**"Warning Notice**

The Employer shall not discharge nor suspend any employee without just cause. In respect to discharge, the employer shall give at least one warning notice of the specific complaint against such employee, in writing, and a copy of the same to the Union and the shop steward, except that no warning notice need be given to any employee before he is discharge (sic) if he is discharged for any of the causes listed in Section 2, below.

"The warning notice as herein provided shall not remain in effect for a period of more than six months from the date of said warning notice.

**"Section 2.**

**"Causes for Discharge**

The only causes for immediate discharge of an employee shall be for proven theft during working hours, proven drunkenness, or proof of being under the influence of liquor or drugs during working hours, calling an unauthorized strike or walk-out, assault on employer or his representative during working hours, failure to report an accident which the employee would normally be aware of, proven recklessness resulting in a serious accident while on duty, or the carrying of unauthorized passengers in the cab of a truck while on duty.

**"Section 3.**

**"Appeal from Discharge or Suspension**

A discharged employee must notify his Local Union in writing within two (2) working days of his desire to appeal the discharge or suspension.

"Notice of appeal from discharge or suspension must be made to the Employer in writing within five days from the date of discharge. If the Employer and Union are unable to agree as to a settlement of the case, then it may be appealed to the grievance machinery as set forth in Article VIII.

**"Section 4.**

**"Company Rules**

The Employer may establish such company rules as he deems necessary or desirable, provided that such rules are not in conflict with the terms and provisions of this Agreement, and further provided that no such company rules shall become effective without written approval of the Local Union. Any controversy between the Employer and the Union concerning the establishment or observance of company rules shall be considered as a grievance and handled in accordance with Article VIII of this Agreement.

**"Section 5.**

**"Separation of Employment**

Upon discharge, the Employer shall pay all money due to the employee. Upon quitting the Employer shall pay all money due the employee on the pay day in the week following such quitting."

Under the terms of the contract cited, it would appear that certain administrative procedures were provided in the event of discharge of any member of the Union employed by the defendant. This being so, in order to avoid the necessity of exhausting the remedies provided by the contract, it is incumbent on the plaintiff to show that he comes within the exceptions to the rule set forth in Jorgensen v. Pennsylvania R. R. Co., supra [25 N.J. 541, 138 A.2d 33]. In an attempt to obviate the need for compliance with the rule for the exhaustion of remedies, plaintiff herein alleges that such proceedings would be "futile, illusory or vain." To suport this contention he alleges a conspiracy between the Union and the Company. Nowhere does he charge that the defendant refused to negotiate with regard to the remedies provided in the collective bargaining agreement on which the rights of the plaintiff to a "claim" must be based. In the final analysis his complaint, in so far as remedial procedures for his dismissal are involved, would seem to be against the Union which, if his story be true, failed to initiate steps to establish the fairness *vel non* of his dismissal. The Union is not a party to this action and it is not incumbent on the defendant to institute proceedings under the Union contract. It is toward the Union that his allegations that any attempt to redress his stated wrongs would be vain, illusory and impracticable would seem to be addressed. His claim for money damages against the defendant without exhaustion of remedies under the contract does not receive sanction under the instant circumstances by an allegation of conspiracy between the Union and the defendant Company.

Because of this view of the matter the court feels no need to go into the question of whether or not an attempt should have been made to secure relief under the Labor Management Relations Act operating through the National Labor Relations Board.

In view of the foregoing the motion to dismiss the complaint will be granted.

Let an order be submitted.