Joseph Venial CROUCHET

v.

**TEXAS–PACIFIC–MISSOURI–PACIF-IC TERMINAL RAILROAD OF NEW ORLEANS et al.**

Civ. A. No. 12908.

United States District Court
E. D. Louisiana,
July 26, 1963.

G. Wray Gill, New Orleans, La., and Leroy Curet, for plaintiff.

Leonard B. Levy, Dufour, Levy, Marx & Lucas, New Orleans, La., for Texas-Pacific-Missouri Pacific Terminal Railroad of New Orleans.

R. Emmett Kerrigan, Deutsch, Kerrigan & Stiles, New Orleans, La., and Edward J. Hickey, Jr., Washington, D. C., for Order of Railroad Telegraphers and individual defendants.

FRANK B. ELLIS, District Judge.

Plaintiff alleges that since 1957 he has been employed by the Texas-Pacific-Missouri-Pacific Terminal Railroad of New Orleans as a telegrapher and towerman and was wrongfully discharged some time after February 1, 1962. He instituted this action against his employer, the Order of Railroad Telegraphers, and various officers of the union, severally and in solido. (Plaintiff also joined the Southern Pacific Railroad Company, Lloyd White and Lee M. Ogilvie in the action. There being no objection by the plaintiff, the suit was dismissed as to the latter three defendants).

Defendants Texas-Pacific-Missouri-Pacific Terminal Railroad of New Orleans,

The Order of Railroad Telegraphers, George Leighty, W. M. York and George French move this court to dismiss the action for lack of jurisdiction.

The sole question presented by these motions for determination are (1) that of the jurisdiction of this court when considered in the light of 45 U.S.C.A. § 153(i) which gives the National Railway Adjustment Board "exclusive primary jurisdiction", Pennsylvania Railroad Company v. Day, 1959, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422; and (2) jurisdiction under 28 U.S.C.A. § 1332 wherein the requirements of jurisdiction are diversity and the amount in controversy.

■■■ While it is certainly true that the National Railway Adjustment Board has exclusive jurisdiction over "disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions", 45 U.S.C.A. § 153(i), Slocum v. Delaware, L. & W. Railroad Company, 1950, 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Brotherhood of Locomotive Firemen and Enginemen v. Central of Georgia Railroad Company, 5 Cir. 1952, 199 F.2d 384; it is an equal certainty that the Courts, state and federal, have jurisdiction to entertain a damage suit, such as the instant litigation for an alleged wrongful discharge, Moore v. Illinois Central Railroad Company, 1940, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, because "[a] common-law or statutory action for wrongful discharge differs from any remedy which the Board has power to provide," Slocum v. Delaware L. & W. Railroad Company, supra, 339 U.S. at page 244, 70 S.Ct. at page 579.

■■■ Consequently this suit is nothing more than a civil action to recover damages for an alleged wrongful discharge which this court has jurisdiction to entertain, and, as such, it must meet the requirements of 28 U.S.C.A. § 1332. While the face of the complaint does allege a *quantum* in dispute over the juris-

dictional amount, it does not set forth diversity as between plaintiff and all defendants. Therefore, the Court will allow the plaintiff 20 days within which to amend his complaint so as to meet this requirement, and, in the absence of such amendment, the cause will be dismissed at plaintiff's costs and upon defendant's *ex parte* motion.