In re **CERTAIN CARRIERS REPRESENTED BY the EASTERN, WESTERN AND SOUTHEASTERN CARRIERS' CONFERENCE COMMITTEES, and Certain of Their Employees Represented by the Brotherhood of Locomotive Engineers, Brotherhood of Locomotive Firemen and Enginemen, Order of Railway Conductors and Brakemen, Brotherhood of Railroad Trainmen, and the Switchmen's Union of North America.**

**Misc. No. 41-63.**

United States District Court
District of Columbia.

March 28, 1966.

sertion of the number "0" or the word "None" opposite the tax involved on the Form 720.

See also D.C., 248 F.Supp. 1008.

Milton Kramer, Washington, D. C., and Russell B. Day, Cleveland, Ohio, for the Brotherhoods.

Francis M. Shea, Richard T. Conway and Ralph J. Moore, Jr., Washington, D. C., for the Carriers.

HOLTZOFF, District Judge.

This is a motion by the Brotherhood of Locomotive Firemen and Enginemen for an order declaring that the Southern Pacific Company and all other carriers represented by certain Conference Committees are obligated, pursuant to the judgment heretofore entered in this proceeding upon the Award rendered by Arbitration Board No. 282, to pay the claims of their respective locomotive firemen employees for loss of wages and loss of other forms of remuneration caused to them by alleged violations by the carriers of the Arbitration Award, and that the validity of these claims is not dependent upon their being filed and processed in the manner prescribed by Section 17 of a collective bargaining agreement entered into on August 11, 1948.

Specifically the claims that are enumerated in the papers attached to the motion are claims of firemen who alleged that they would have been employed on certain days if the carriers had not operated certain engines without a fireman in violation of the terms of Award 282. The claims are for the wages that the firemen in question would have earned had they been employed on those days, as they claim they should have been.

The carriers contend that the claims should be submitted and handled pursuant to certain provisions contained in a collective bargaining agreement dated August 11, 1948. These provisions are contained in Section 17 of that agreement and provide for an administrative remedy consisting of several steps within the organization of the carrier. A claim must be submitted within sixty days after the date on which it arose. If eventually the claim is denied, recourse would be had to the National Railroad Adjustment Board. It is contended by the moving parties that there is no obligation to submit the claims for a determination by the administrative process in the first instance.

Section 17 starts out by providing that, "All claims or grievances arising on and after November 1, 1948 shall be handled as follows". There follows a detailed outline of the procedure. To be sure, if this language were construed literally, the claims here presented would be subject to the provisions of Section 17 and the remedy provided by Section 17 would be exclusive.

It was subsequent to the date of the 1948 agreement, however, that the compulsory arbitration resulting in Award 282 was undertaken. After that arbitration was concluded an action to impeach the Award was brought by some of the parties. That action resulted in a determination that the Award was valid.

Section 9 of the Railway Labor Act, 45 U.S.C. § 159, paragraph Second, provides that in such an event the "court shall enter judgment on the award, which judgment shall be final and conclusive on the parties." Consequently there is presented here a judgment of this Court confirming

the Award. This Court, like all courts, has the authority, in fact the duty, of enforcing its own judgments. Only recently the Supreme Court held that an award of the National Adjustment Board is not only final and binding but may be enforced judicially, Gunther v. San Diego & Arizona Eastern Railway Co., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308.

So, too, the Supreme Court has held that the mere fact that there is an administrative remedy in existence in respect to a grievance of an employee of a railroad company does not bar his resort to the courts, Moore v. Illinois Central Railroad Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. The question before the Court is not whether the claimants have a right to resort to the grievance procedure. The issue is whether this remedy is exclusive.

The Court is of the opinion that the prior agreement does not oust the court of jurisdiction to determine a claim arising subsequently. It is quite clear that the parties could not have had in contemplation the possibility of a compulsory arbitration sometime in the future, terminating in a judgment of the court, and could not have intended to provide that if there should be any claims arising under an unanticipated award or the judgment, the grievance procedure should be exclusively applicable.

The Court is of the opinion, therefore, that a claimant—and when I say a claimant, I mean the claimants involved in this motion—may resort either to the grievance procedure prescribed by Section 17 or may apply to the Court to enforce the judgment of this Court. This is not to say that the Court will pass on every alleged claim for money individually which may be asserted under the Award. The Court may always invoke the doctrine of *forum non conveniens*. Insofar as the claims here involved are concerned, the Court is of the opinion that they may be judicially entertained without resort to the procedure under Section 17 of the 1948 agreement.

A somewhat similar conclusion was recently reached by Judge Simpson of the United States District Court for the Middle District of Florida, in an unreported opinion, Order of Railroad Conductors and Brakemen and Brotherhood of Locomotive Firemen and Enginemen v. Florida East Coast Railway Co., rendered on February 28, 1966. In that case the Court made the following statement in regard to provisions establishing an internal grievance procedure:

"Those provisions of the contract imposing time limitations upon the processing of individual grievances, specifically those contained in Article 19 of said agreement, have no application to and impose no limitation on this Court's power to enforce its injunction entered January 6, 1965 in this cause."

I concur with the principle on which that statement is based and reach the conclusion that the limitations prescribing the use of grievance procedure within a certain specified period have no application and impose no limitation on the power of this Court to enforce its judgment confirming the Award of Board 282. The Court might add that the case of Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580, is clearly distinguishable because that case involved a claim for money due under a collective bargaining agreement, whereas in this case we are confronted with a claim under an award of a compulsory arbitration board established by Congress, the award having been later confirmed by the Court.

Counsel may submit a proposed judgment in accordance with this ruling.