Per Curiam.

In our opinion the court was without jurisdiction in this action to recover wages lost as a result of job elimination, and severance pay after voluntary termination of employment, under a collective bargaining agreement between their union and the defendant railroad.
Under subdivision (i) of section 3 of the Bailway Labor Act (U. S. Code, tit. 45, § 153, subd. [i]) such disputes between an employee and a carrier are within the jurisdiction of the National Bailroad Adjustment Board, and plaintiffs are required to resort to that agency for adjudication of their claims (Pennsylvania R. R. Co. v. Day, 360 U. S. 548; Roberts v. Lehigh & New England Ry. Co., 211 F. Supp. 379). There being no allegation of wrongful discharge, it was error to apply the rule of Moore v. Illinois Cent. R. R. Co. (312 U. S. 630) and Walker v. Southern Ry. Co. (385 U. S. 196); and the trend toward requir *576 ing exhaustion of administrative procedures (Republic Steel v. Maddox, 379 U. S. 650) requires that the rule in Moore not be extended.
The order should be reversed, with $10 costs, and motion to dismiss for lack of jurisdiction granted.
Concur — Markowitz, J. P., Hofstadter and Street, JJ.
Order reversed, etc.