[Civ. No. 35127. Second Dist., Div. Two. June 9, 1970.]

WILLIAM COWAN, Plaintiff and Appellant, v.
FLYING TIGER LINE, INC., et al., Defendants and Respondents.

## COUNSEL

Robert N. Cleaves for Plaintiff and Appellant.

Wyman, Bautzer, Finell, Rothman & Kuchel and J. Brin Schulman for Defendant and Respondent.

## OPINION

**FLEMING, J.**—William Cowan appeals an order dismissing with prejudice his complaint against The Flying Tiger Line, Inc. (Flying Tigers) after a demurrer to his complaint was sustained without leave to amend. Cowan was a co-pilot for Flying Tigers for 11 years and a member of the Air Line Pilots Association (ALPA). His complaint sought damages against Flying Tigers for wrongful discharge in violation of its collective bargaining agreement with ALPA and damages against Flying Tigers and certain of its officers for conspiracy to secure his wrongful discharge. The complaint referred to the collective bargaining agreement between Flying Tigers and ALPA in effect at the time of Cowan's discharge (13 July 1966) and recited that Cowan had performed all of his obligations thereunder and had done nothing to justify the discharge. Additionally, the complaint averred that Cowan had been denied a fair hearing by the administrative tribunal created under the agreement to hear grievances in that the tribunal knowingly received false testimony in support of his discharge.

The collective bargaining agreement provided: "[i]n compliance with Section 204, Title II, of the Railway Labor Act, as amended, there is hereby established a System Board of Adjustment for the purpose of adjusting and deciding *disputes* which may arise under the terms of the . . . Agreement . . . which are properly submitted to it . . . [t]he Board [of

Adjustment] shall have jurisdiction over disputes between any employee . . . and [Flying Tigers], growing out of grievances or out of interpretation or application of any of the terms of the . . . Agreement . . . [d]ecisions of the Board in all cases properly referable to it shall be final and binding upon the parties thereto." Prior to Cowan's complaint he submitted the issue of the propriety of his discharge to the System Board of Adjustment created under the collective bargaining agreement and received an adverse determination from that board.

The System Board of Adjustment established under the collective bargaining agreement between Flying Tigers and ALPA was one mandated by 45 United States Code Annotated, section 184.[1] Its decisions thus carry the finality given them in 45 United States Code Annotated, section 153.[2] (*International Assn. of Machinists* v. *Central Airlines* (1963) 372 U.S. 682 [10 L.Ed.2d 67, 83 S.Ct. 956].) As we have seen, the collective bargaining agreement itself provided that the Board's decision would be final and binding.

This case is indistinguishable from *Union Pac. R.R. Co.* v. *Price* (1959)

---

[1] 45 United States Code Annotated, section 184: "The disputes between an employee or group of employees and a carrier or carriers by air growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on April 10, 1936 before the National Labor Relations Board, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to an appropriate adjustment board, as hereinafter provided, with a full statement of the facts and supporting data bearing upon the disputes.

"It shall be the duty of every carrier and of its employees, acting through their representatives, selected in accordance with the provisions of sections 181-188 of this title, to establish a board of adjustment of jurisdiction not exceeding the jurisdiction which may be lawfully exercised by system, group, or regional boards of adjustment, under the authority of section 153 of this title."

[2] 45 United States Code Annotated, section 153, First provides: " . . . . . . . .

"(m) The awards of the several divisions of the Adjustment Board shall be stated in writing. A copy of the award shall be furnished to the respective parties to the controversy, and *the awards shall be final and binding upon both parties to the dispute* . . . . [Italics ours.]

"(q) If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee or group of employees or carrier may file in any United States district court in which a petition under paragraph (p) could be filed, a petition for review of the division's order. . . . On such review, *the findings and order of the division shall be conclusive on the parties,* except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order." [Italics ours.]

360 U.S. 601 [3 L.Ed.2d 1460, 79 S.Ct. 1351], where the United States Supreme Court held that an employee could not relitigate the validity of his discharge in a state court after receiving an adverse determination on the issue from the National Railroad Adjustment Board, even though in the state court proceeding he was seeking common law damages, not reinstatement and back pay. (See also, *Edwards* v. *St. Louis-San Francisco R.R. Co.* (7th Cir. 1966) 361 F.2d 946, 957-958; *Dominguez* v. *National Airlines, Inc.* (S.D.N.Y. 1968) 279 F.Supp. 392.)[3]

Cowan's other contention is that his complaint stated a cause of action because it alleged fraud or corruption by a member of the System Board of Adjustment which decided his case. The point has no merit because a decision of a System Board of Adjustment may be set aside for fraud only in the United States district courts. (45 U.S.C.A. § 153, First (q).)

The order of dismissal is affirmed.

Roth, P. J., and Herndon, J., concurred.

---

[3]Because the board's determination was binding on Cowan and precluded resort to suit in a state court for common law breach of contract, we need not decide whether such a suit would have been possible if Cowan had not first submitted his grievance to the board. Although prior to 1966 such suits were permitted if the state's requirements for exhaustion of administrative remedies had been met (*Moore* v. *Illinois Central R.R. Co.* (1941) 312 U.S. 630 [85 L.Ed. 1089, 61 S.Ct. 754]; *Transcontinental & Western Air, Inc.* v. *Koppal* (1953) 345 U.S. 653 [97 L.Ed. 1325, 73 S.Ct. 906]; *Wise* v. *Southern Pac. Co.*, 223 Cal.App.2d 50, 58-59 [35 Cal.Rptr. 652]), the establishment of a federal requirement for exhaustion of administrative remedies in *Republic Steel Corp.* v. *Maddox* (1965) 379 U.S. 650 [13 L.Ed.2d 580, 85 S.Ct. 614] and the enactment by Congress of changes in the operation of the National Railroad Adjustment Board and the System Boards of Adjustment have made uncertain the current effect of the pre-1966 holdings. (See *Walker* v. *Southern Ry. Co.* (1966) 385 U.S. 196 [17 L.Ed.2d 294, 87 S.Ct. 365]; *Stumo* v. *United Airlines, Inc.* (7th Cir. 1967) 382 F.2d 780.)