Sandra K. WEST, Plaintiff,

v.

AMERICAN AIRLINES, INC., Defendant.

No. 72 C 1518.

United States District Court,
N. D. Illinois, E. D.

Dec. 11, 1972.

William D. Maddux, Richard B. Berland, and Raymond R. Cusack, Kirkland & Ellis, Chicago, Ill., for plaintiff.

Joseph P. Carr, and Thomas Campbell, of Gardner, Carton, Douglas, Chilgren & Waud, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

This is an action by the plaintiff for wrongful discharge brought pursuant to 45 U.S.C. Sections 181, 182. The foregoing sections are amendments to Title 45, commonly known as the Railway Labor Act. They include the application of certain sections of the Act to carriers by air and apply the duties, requirements, penalties, benefits, and privileges established by those sections specifically Sections 151, 152, 154 to 163 to carriers by air.

This Court accepted the case at bar on petition for removal from the Circuit Court of Cook County. The petition was filed in this Court on June 20, 1972. The complaint demands reinstatement and full seniority rights plus compensation due.

The defendant has moved for summary judgment or dismissal based on the failure of the plaintiff to exhaust her administrative remedies as required by Title 45.

Historically, plaintiffs in actions of this nature had the option of either bringing an action under the state law for breach of contract or resorting to administrative remedies afforded them under the Railway Labor Act. This option was supported by an interpretation of the Act by the Supreme Court in the case of Moore v. Illinois Central Railroad, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941). The Court in interpreting Section 153(e) of the Act in its original form of 1926 as amended in 1934, noted that there had been a change in the wording substituting "may" for "shall" "be referred to the . . . adjustment board . . ."; and concluded that "This difference in language, substituting 'may' for 'shall', was not, we think, an indication of a change in policy, but was instead a clarification of the law's original purpose. For neither the original 1926 Act, nor the Act as amended in 1934, indicates that the machinery provided for settling disputes was based on a philosophy of legal compulsion." Moore v. Illinois Central R. R. Co., *supra*, at 635, 61 S.Ct. 754, 756, 85 L.Ed. 1089. The Court went on to hold that the employee was not required to seek an administrative remedy as a prerequisite to suit for wrongful discharge.

Later cases from the Supreme Court repudiated the reasoning advanced in support of the result reached in Moore v. Illinois Central, *supra,* cf. Brotherhood of Railroad Trainmen v. Chicago R. & I. R. Co., 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622 (1957) and Walker v. Southern R. Co., 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294 (1966).

Moore v. Illinois Central, *supra*, was expressly overruled and administrative procedure made a prerequisite to any suit at law by Andrews v. Louisville & Nashville Railroad Co., et al., 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95. In this case per Justice Rehnquist, the Court stated "Thus the notion that the grievance and arbitration procedures provided for minor disputes in the Railway Labor Act are optional, to be availed of as the employee or the carrier chooses, was never good history and is no longer good law." Andrews v. Louisville & Nashville R. Co., *supra*, at 322, 92 S.Ct. at 1564.

The case at bar was filed on June 20, 1972, over a month after the *Andrews* case was decided. Thus, the opinion of the *Andrews* case is the law that is to be followed.

The plaintiffs do not have the option of bringing an action under state law on a theory of contract or in the alternative to elect administrative remedies. In the

instant case plaintiff has already elected the administrative remedy and failed to exhaust the same so that this Court would be precluded by statute from exercising jurisdiction even if plaintiff had that option. Title 45, §§ 181, 182 (1964).

It is therefore adjudged, ordered, and decreed that the defendant's motion to dismiss is granted. This ruling precludes the necessity of deciding the defendant's alternative motion for summary judgment.