**Mark QUIMBY**

v.

**TRANS WORLD AIRLINES, INC., and International Association of Machinists and Aerospace Workers.**

**Civ. A. No. 74–1059.**

United States District Court,
E. D. Pennsylvania.

Sept. 16, 1975.

Joseph A. Prim, Jr., Silver, Lovitz & Atkinson, P.A., Philadelphia, Pa., for plaintiff.

Robert M. Landis, Dechert Price & Rhoads, Philadelphia, Pa., for TWA.

Michael D. Gordon, Gant, Jolley, Moran, Hager & Gordon, Kansas City, Mo., for Union.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiff and defendants Trans World Airlines (hereinafter TWA) and International Association of Machinists and Aerospace Workers (hereinafter Union) have filed cross motions for summary judgment. The relevant facts are not in dispute.

---

138

Early in June, 1970, the plaintiff was discharged by TWA. Subsequently, a grievance was filed under the procedure established in the collective bargaining agreement between TWA and the Union. The grievance procedures became deadlocked, and the plaintiff was so notified by letter from the Union. He was also informed that the Union would not pursue his grievance to the next step, which was submission of the dispute to the System Board of Adjustment.

The plaintiff then elected to pursue his remedy for wrongful discharge in state court as was his right under the holding in *Moore v. Illinois Central R. Co.*, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941). However, during the pendency of his state action, the Supreme Court overruled Moore and held that a union employee governed by the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (1970), was required to follow the grievance and arbitration procedures as set out in the collective bargaining agreement between union and employer. *Andrews v. Louisville & Nashville R. Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). Plaintiff, believing that he was thereby foreclosed from pursuing his suit in state court any further,[1] abandoned that action. He thereupon attempted to submit his grievance to the System Board of Adjustment. TWA then notified plaintiff that this submission was improper, and that the Board

of Adjustment would not consider his grievance.

Despite some earlier confusion, it is now clear that plaintiff does not seek to litigate the merits of his discharge in this court. Rather, plaintiff asks that we order the defendants to arbitrate his grievance before the System Board of Adjustment.

The problem with plaintiff's request is that under Article XII of the collective bargaining agreement,[2] plaintiff has no right to have his grievance submitted to the Board of Adjustment. Submission of a grievance to the Board of Adjustment under this collective bargaining agreement is at the discretion of the Union or the company, *Deboles v. Trans World Airlines*, 350 F.Supp. 1274, 1289 (E.D.Pa.1972); *see Vaca v. Sipes*, 386 U.S. 171, 185, 87 S.Ct. 903, 17 L.Ed. 2d 842 (1967), both of whom have declined to have plaintiff's grievance placed before the Board.

While plaintiff might have a claim against the Union for breach of its duty of fair representation if he were able to demonstrate that the Union's decision not to pursue his grievance was arbitrary or discriminatory, *see Conrad v. Delta Air Lines, Inc.*, 494 F.2d 914, 916–17 (C.A.7, 1974), that issue is not before us and we express no opinion on it. Accordingly, we grant defendant's motion for summary judgment, and deny plaintiff's motion.

1. Defendants assert that plaintiff was incorrect in believing that the decision in *Andrews* was retroactive, and that plaintiff should be held to his election to proceed in state court. While there is some doubt about the retroactivity of *Andrews, see Cipriano v. Houma*, 395 U.S. 701, 706, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969), it is unnecessary for us to pass on this issue.

2. Article XII, paragraph (d), provides:
"The Board [of Adjustment] shall consider any dispute properly submitted to it by the President-General Chairman of the Union or his authorized representative, or by the chief operating official of the Company or his authorized representative * * *."