**Alois S. GOLOMBOWSKI, Plaintiff,**

v.

**CHICAGO & NORTHWESTERN TRANSPORTATION COMPANY and Brotherhood of Railway, Airline & Steamship Clerks, Defendants.**

**No. 77–C–426.**

United States District Court,
E. D. Wisconsin.

March 7, 1978.

---

Marjan R. Kmiec, Milwaukee, Wis., James T. Murray, Jr., Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for N.W. Transp.; Gerry M. Miller, Goldberg, Previant & Uelmen, Milwaukee, Wis., of counsel.

James L. Highsaw, Jr., Highsaw, Mahoney & Friedman, Washington, D.C., and William J. Donlon, Gen. Counsel, Rosemont, Ill., for BRAC.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Motions by both defendants for dismissal of the complaint are before the court. There is also a pending motion by the plaintiff to compel the defendant railroad to answer certain interrogatories. In view of my finding that the defendants' motions to dismiss must be granted, there is no need to resolve the plaintiff's discovery motion.

Mr. Golombowski was discharged by the defendant Chicago & Northwestern Transportation Company (C&NW) on the ground of insubordination. In this action, Mr. Golombowski seeks damages from C&NW for his allegedly wrongful discharge and from the defendant Brotherhood of Railway, Airline & Steamship Clerks (BRAC) for the latter's alleged violation of its duty of fair representation.

The complaint sets forth the circumstances of the plaintiff's employment and his discharge. Annexed to his complaint, the plaintiff has incorporated, as exhibit A, a transcript of the "on the property" hearing which was conducted by C&NW. Exhibit B to the complaint is the resolution of Mr. Golombowski's application for review before the National Railroad Adjustment Board. The latter agency denied the plaintiff's claim. Subsequently, this federal court action was filed by the plaintiff.

## I. THE UNION'S MOTION FOR DISMISSAL

BRAC bases its application for dismissal on a lack of jurisdiction of the subject matter. Alternatively, it has applied for summary judgment and has incorporated an expansive affidavit by one W. J. VanKleek in support of the summary judgment application. In my opinion, the defendant BRAC is entitled to prevail upon its application for dismissal, and therefore the court will not address itself to its summary judgment application.

In his complaint, Mr. Golombowski charges in paragraph 13 that BRAC "failed in its duty of fair representation in that its representation was inadequate and arbi-

trary. . . ." Exhibit A annexed to the complaint establishes that the plaintiff was represented at the hearing by Thomas Herek, who is described therein as the "local chairman BRAC." Indeed, Mr. Golombowski asserts in paragraph 3 of his complaint that Local 321 "did appear for the plaintiff at the original hearing on August 13, 1971." Thereafter, he avers in paragraph 12 of his complaint that his attorney appealed the discharge to the National Railroad Adjustment Board.

█ Judicial review of awards of the National Railroad Adjustment Board is authorized pursuant to the provisions of Section 3 of the Railway Labor Act, 45 U.S.C. § 153. However, Mr. Golombowski does not seek in this lawsuit judicial review of the decision of the National Railroad Adjustment Board. He has, instead, chosen to bring this common law action for his alleged wrongful discharge. Thus, it is clear that the plaintiff does not seek to utilize the judicial review provisions of the Railway Labor Act, and the court must therefore determine whether a common law action for a claimed wrongful dismissal can be pursued after he has unsuccessfully submitted his grievance to the National Railroad Adjustment Board.

BRAC urges that the instant lawsuit is an attempt to mount a corollary attack on the board's decision. The plaintiff, on the other hand, urges that having exhausted his administrative remedies, he is now entitled to pursue an independent judicial remedy. In my opinion, the case of *Union Pacific Railroad v. Price*, 360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1959), resolves this issue adversely to the plaintiff. In *Price*, at footnote 8, page 609, 79 S.Ct. page 1355, the United States Supreme Court said;

"Despite the clear import of the statutory language and the legislative history the respondent argues that this Court's holding in *Moore v. Illinois R. Co.*, 312 U.S. 630, [61 S.Ct. 754, 85 L.Ed. 1089], requires us to hold that the instant suit is not precluded. However, the holding in *Moore* was simply that a common-law remedy for damages might be pursued by a discharged employee who did not resort to the statutory remedy before the Board to challenge the validity of his dismissal. A different question arises here where the employee obtained a determination from the Board, and, having lost, is seeking to relitigate in the courts the same issue as to the validity of his discharge."

In my opinion, the instant record amply demonstrates that Mr. Golombowski is a discharged employee who, in the words of *Price*, "obtained a determination from the Board and, having lost, is seeking to relitigate in the courts the same issue." It follows that the defendant's motion for dismissal must be granted.

## II. C&NW'S MOTION TO DISMISS

In his complaint, Mr. Golombowski avers that the railroad wrongfully discharged him and that he "did not receive full and adequate hearing with all the constitutional rights of due process." In support of its motion to dismiss, C&NW urges that the complaint itself, and particularly the exhibits annexed thereto, demonstrate that the plaintiff was, in fact, afforded a fair hearing. At page 3 of exhibit A attached to the complaint are the following questions and answers which occurred at the time of the "on the property" hearing:

"Q. Mr. Golombowski, did you receive written notice to appear at this investigation?

"A. Yes, I did.

"Q. And you did acknowledge receipt of this?

"A. Yes.

"Q. Then you have been notified as to this investigation?

"A. Yes, sir.

"Q. Mr. Golombowski, do you desire representation at this investigation?

"A. Yes, Mr. Tom Herek.

"Q. And he is present?

"A. Yes, sir.

"Q. Have you had sufficient time to prepare?

"A. Yes, I have.

"Q. Are now ready to proceed? [sic.]

"A. Yes, I am."

Even if the plaintiff were able to show that his hearing was insufficient in spite of the foregoing quoted matter, it is pointed out by C&NW that the aforesaid hearing was conducted "on the property" of the defendant railroad. C&NW contends that it follows that there was no state action involved and, thus, no right to due process attached. In support of this position, the railroad relies on *Edwards v. St. Louis-San Francisco Railroad Co.,* 361 F.2d 946 (7th Cir. 1966). It is not charged in the complaint that any procedural flaws in the hearing conducted by C&NW were based on a violation of a collective bargaining agreement. I find that the *Edwards* case requires the court to sustain the motion of C&NW for dismissal.

The railroad is also entitled to dismissal under *Price* since Mr. Golombowski submitted his claim against C&NW to the National Railroad Adjustment Board and may not relitigate it in this court except by an action to review the decision of the board, pursuant to Section 3 of the Railway Labor Act. In 45 U.S.C. § 153, First, (q), it is provided as follows:

> "(q) If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee or group of employees or carrier may file in any United States district court in which a petition under paragraph (p) could be filed, a petition for review of the division's order."

Once again, it is noted that in Mr. Golombowski's brief he expressly disavows that the instant action is an "attempt to obtain a review of the administrative decision." Instead, Mr. Golombowski asserts that the sole basis of his pleading is a "common law claim for wrongful discharge."

## CONCLUSION

I find that this court does not have jurisdiction to entertain the plaintiff's action, and therefore

IT IS ORDERED that the motions of the defendant Chicago & Northwestern Transportation Company and of Brotherhood of Railway, Airline & Steamship Clerks for dismissal be and hereby are granted.

IT IS ALSO ORDERED that the plaintiff's action be and hereby is dismissed.