Edward F. CONNORS

v.

BOSTON AND MAINE RAILROAD.

Civ. A. No. 58–299.

United States District Court
D. Massachusetts.

June 2, 1958.

Francis H. Farrell, Boston, Mass., for Edward F. Connors.

Eugene J. Ratto, Boston, Mass., for Boston and M. R. R.

WYZANSKI, District Judge.

This is a complaint against a railroad by an employee who claims that the particular notice provision of a collective bargaining contract pursuant to which the railroad discharged him was invalid as a matter of law under the Sixth provision of Section 2 of the Railway Labor Act, 44 Stat. 577, 578, 48 Stat. 1185, 1188; 45 U.S.C.A. § 151 et seq. The employee prays that this Court declare both the contractual provision and the discharge invalid, award him damages, and restore him to his position. The complaint asserts that this Court has jurisdiction under the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. [See also 28 U.S.C. § 1331.]

From the pleading and its attached exhibit these allegations emerge.

On June 22, 1956 Connors was employed as a yardman by the railroad. He was a member of the Order of Railway Conductors and Brakemen. But the yardmen were represented for bargaining purposes, in accordance with a vote of the majority of the yardmen, by the Brotherhood of Railroad Trainmen. Before June 22, 1956 the B.R.T. and the railroad had entered into a collective bargaining agreement, C & T–75, under the terms of the Railway Labor Act.

That agreement contained a maintenance of membership clause. However, that requirement of membership in the B.R.T. was not "applicable to employees in train or yard service, who maintain membership in any one of the other organizations national in scope * * " Paragraph 7 of the agreement stipulated that when the B.R.T. notified the carrier

that an employee had failed to maintain membership, the employee was entitled to a hearing as provided in paragraph 8 of the agreement. Paragraph 8 (which is the critical paragraph) made these provisions: "Release shall not be made without notice. Hearing will be granted if the employee requests it in writing; such hearing will be held within ten days from receipt of notice and hearing will be confined to proof of compliance."

On June 22, 1956 Connors, according to the precise words of his complaint, received from the railroad notice that "he would be discharged for failure to comply with the terms of the agreement C & T–75 unless in accordance with the express terms of the agreement he claimed a hearing within ten days at which it would be open to him to prove that he was a member in good standing of a recognized union national in scope. The Plaintiff was discharged on July 30, 1956 because of failure to comply with the provision of the agreement hereinbefore cited."

The complaint concludes with the statement that "The provision of Agreement C & T–75 requiring that an employee who has been charged with violation of the maintenance of membership clause claim a hearing within ten days of receipt of notice of the charge is in violation of the terms of Paragraph Sixth of the Railway Labor Act because it is in derogation of the rights granted to employees by the Act and is therefore invalid."

Following the filing of the complaint summarized in the last four paragraphs, the railroad moved for summary judgment pursuant to Fed.Rules Civ.Proc. Rule 56, 28 U.S.C. The pleading does not expressly raise any question as to this Court's jurisdiction. But defendant's accompanying brief does cite the holding in Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795. The motion itself says it "is based upon an award of the First Division of the National Railroad Adjustment Board, dated November 13, 1957, a copy of which award is attached."

That award states that in a dispute between the railroad and the Order of Railway Conductors and Brakemen, the union to which Connors belongs, the claim stated was "that Yard Helper Edward F. Connors' discharge * * * of June 22, 1956 be declared improper". Then, the award, in formal terms, finds that "there appears in the record an agreement between the carrier" and the B.R. T., and "form of notice thereunder to claimant dated June 22, 1956, which was received and signed for on June 26, 1956. Claimant failed within the prescribed time to request a hearing in accordance with said notice on the matter of holding membership in a labor organization national in scope, therefore, under the terms of the agreement referred to carrier properly discharged claimant."

On the foregoing facts there is no dispute, and so a motion for summary judgment is appropriate.

Plaintiff, it will be recalled, seeks (1) declaratory judgments (a) that the contractual provision under which he was discharged violates Section 2, Sixth of the Railway Labor Act and (b) that his discharge was therefore invalid, (2) damages, and (3) restoration to his employment status. So far as concerns this Court's jurisdiction to entertain the declaratory judgment aspects of this case, plaintiff's position is bottomed on his reading of Brotherhood of Railroad Trainmen v. Smith, 6 Cir., 251 F.2d 282, 285–286. Cf. Pennsylvania R. Co. v. Rychlik, 352 U.S. 480, 485, 497, 77 S.Ct. 421, 1 L.Ed.2d 480. The contention is that where a provision of a railway labor agreement is challenged on the ground that it is illegal under the Railway Labor Act a federal court has jurisdiction to declare its judgment on the issue of legality, even though it would have no jurisdiction to declare its judgment on the interpretation, that is the meaning, of the agreement. So far as concerns this Court's power to entertain those prayers which are addressed to damages and restoration to employment, plaintiff does not explain his position. Perhaps he relies on Smith's case, already cited

Despite the earnestness with which it is made, there is no merit to plaintiff's contention that the notice provisions in paragraph 8 of the railway labor agreement known as C & T–75 are unlawful. If, as the National Railroad Adjustment Board impliedly held in its award, paragraph 8 of C & T–75, properly interpreted, provides that to secure a hearing with respect to his proposed discharge an employee must make a demand for that hearing within ten days from the receipt from his employer of notice of the impending discharge, such a paragraph is completely lawful under the Railway Labor Act, and more particularly under the Sixth provision of Section 2 thereof. 44 Stat. 577, 578, 48 Stat. 1185, 1188, 45 U.S.C.A. § 152. The relevant statutory language is as follows:

> "In case of a dispute between a carrier and its employees, arising * * * out of the * * * application of agreements concerning * * * rules, or working conditions, it shall be the duty of the designated representative or representatives of such carrier and of such employees, within ten days after the receipt of notice of a desire on the part of either party to confer in respect to such dispute, to specify a time and place at which such conference shall be held: Provided * * * that nothing in this Act shall be construed to supersede the provisions of any agreement (as to conferences) then in effect between the parties." 44 Stat. 577, 578.

Plainly the proviso at the end of the quotation authorizes parties to a railway labor agreement to contract for a notice period different from that set forth in the earlier part of the quotation. There is no force in plaintiff's suggestion that the word "then" in the proviso means that the only permissible contractual exceptions are under contracts in effect when the Railway Labor Act was enacted. The adverb "then" refers not to the time when the Act was passed, but to the time when the event governed by the contract occurred.

In this case, it was lawful for the railroad and the B.R.T., in addition to relying on the statutory provision requiring parties to a dispute to specify within ten days *after a demand for a hearing* a place for a conference, to rely on a contractual provision requiring that an employee shall demand a hearing within ten days *after his receipt of a notice of impending discharge.*

Having considered the question of the contended unlawfulness of paragraph 8 of the contract known as C & T–75, and having decided adversely to the contention, this Court cannot dismiss for lack of jurisdiction that part of the complaint which seeks a declaratory judgment. This is not like a case confessedly seeking a judgment declaring "the interpretation and application of the collective bargaining agreement". Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795. See Conley v. Gibson, 355 U.S. 41, 44, 78 S.Ct. 99, 2 L.Ed.2d 80. On the allegations of this complaint this Court must dismiss on the merits plaintiff's prayer that this Court declare the invalidity of the contractual provision and of plaintiff's discharge. Brotherhood of Railroad Trainmen v. Smith, and Pennsylvania R. Co. v. Rychlik, both supra.

There being no prayer by the defendant for a declaratory judgment of validity, this Court does not need to consider whether to enter an affirmative declaration that Contract C & T-75 is valid.

Inasmuch as plaintiff's prayers for monetary damages and for restoration to employment were presented to this Court as being, within the intendment of 28 U.S.C. § 2202, further necessary or proper relief based on a declaratory judgment, and there being no declaratory judgment, these ancillary prayers should be denied.

The Court does not find it necessary to consider what rights if any the plaintiff would have in a common law. action for wrongful discharge. Moore v. Illinois Cent. R. Co., 312 U.S. 630, 634, 61 S.Ct. 754, 85 L.Ed. 1089. See Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 244,

70 S.Ct. 577, 94 L.Ed. 795. On such a cause of action federal jurisdiction would depend on diversity of citizenship, which is not shown. Pennsylvania R. Co. v. Rychlik, 352 U.S. 480, 485, footnote 11, 77 S.Ct. 421, 1 L.Ed.2d 480.

Nor does this Court consider need to consider whether, once resort has been had to the National Railroad Adjustment Board its award is final and binding even in a suit not founded on the Railway Labor Act. Cf. Brotherhood of Railroad Trainmen v. Chicago R. & I. R. Co., 353 U.S. 30, 34, 77 S.Ct. 635, 1 L.Ed.2d 622.

Motion to dismiss on the merits granted.