Thomas L. **ANDREWS**, Plaintiff-Appellant,

v.

**LOUISVILLE & NASHVILLE RAILROAD COMPANY** et al., Defendants-Appellees.

No. 30307.

United States Court of Appeals, Fifth Circuit.

April 26, 1971.

Rehearing Denied June 1, 1971.

Andrew W. Estes, Alford W. Wall, Atlanta, Ga., for plaintiff-appellant.

Robert G. Young, Webb, Parker, Young & Ferguson, Atlanta, Ga., for defendants-appellees.

Before THORNBERRY and GODBOLD, Circuit Judges, and BOOTLE, District Judge.

BOOTLE, District Judge:

This case is before us on appellant's appeal from the district court's granting of appellees' motion to dismiss based on appellant's having failed to meet the federal jurisdictional requirement that he exhaust his administrative remedies before the National Railroad Adjustment Board, under 45 U.S.C. § 153, First (i). Simultaneously with filing his appeal to this court, appellant filed a motion for reconsideration in the court below. This motion was granted to the extent that appellant have 15 days within which to amend his pleadings to demonstrate that he had exhausted his administrative remedies under the Railway Labor Act. Appellant, in his brief, admits that he cannot make such a showing. The sole question presented for decision is whether or not a discharged railroad employee aggrieved by his discharge may bring a common law action for damages where he has failed to pursue his administrative remedies under the Railway Labor Act.

The Supreme Court held in Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, decided in 1941, and in Transcontinental & West. Air. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325, decided in 1953, that a discharged employee of a carrier subject to the Railway Labor Act may accept the discharge as final and "proceed either in accordance with the administrative procedures prescribed in his employment contract (including referral of the dispute to the appropriate division of the Adjustment Board) or he may resort to his action at law for alleged unlawful discharge if the state courts recognize such a claim. Where the applicable law permits his recovery of damages without showing his prior exhaustion of his administrative remedies, he may so recover, as he did in the Moore litigation, supra, under Mississippi law."

Transcontinental & West. Air. v. Koppal, *supra* at 661, 73 S.Ct. at 910. When *Moore* and *Koppal* were decided "federal law was not thought to apply merely by reason of the fact that the collective bargaining agreements were subject to the Railway Labor Act." Republic Steel Corp. v. Maddox, 379 U.S. 650, 655, 85 S.Ct. 614, 617, 13 L.Ed.2d 580 (1965). But "since that time the Court has made it clear that substantive federal law applies to suits on collective bargaining agreements covered by § 204 of the Railway Labor Act, International Assn. of Machinists v. Central Airlines, Inc., 372 U.S. 682, 83 S.Ct. 956, 10 L.Ed.2d 67 * * * and by § 301(a) of the LMRA, Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972." Republic Steel Corp. v. Maddox, *supra* at 655, 85 S.Ct. at 618. And "thus a major underpinning for the continued validity of the Moore case in the field of the Railway Labor Act * * * has been removed." Republic Steel Corp. v. Maddox, *supra* at 655, 85 S.Ct. at 618.

Following the *Maddox* decision of 1965, the Supreme Court, in 1966, in Walker v. Southern R. Co., 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294, took a further look at *Moore* and *Koppal* and posed to itself the question "whether those decisions should be overruled in light of *Maddox.*" The Court answered that question thusly:

"Provision for arbitration of a discharge grievance, a minor dispute, is not a matter of voluntary agreement under the Railway Labor Act; the Act compels the parties to arbitrate minor disputes before the National Railroad Adjustment Board established under the Act. Brotherhood of Railroad Trainmen v. Chicago River & Indiana R. Co., 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622. Both at the time of petitioner's alleged discharge and at the time he brought his lawsuit, there was considerable dissatisfaction with the operations of the National Railroad Adjustment Board and with some of the statutory features. Congress initiated an inquiry and found that among other causes for dissatisfaction, 'railroad employees who have grievances sometimes have to wait as long as 10 years or more before a decision is rendered [by the Board] on their claim'; for example, 'the First Division [which has jurisdiction over disputes involving yard service employees of petitioner's class] * * * has never been current in its work, [and has] a backlog of approximately 7½ years * * *.' H.R. Rep. No. 1114, 89th Cong., 1st Sess., at 3, 5; S. Rep. No. 1201, 89th Cong., 1st Sess., at 2. The Congress also found that 'if an employee receives an award in his favor from the Board, the railroad affected may obtain judicial review of that award by declining to comply with it. If, however, an employee fails to receive an award in his favor, there is no means by which judicial review may be obtained.' H.R. Rep., supra, at 15. S.Rep., supra, at 3.

"In consequence, Congress enacted Public Law 89–456, 80 Stat 208, effective June 20, 1966, which drastically revises the procedures in order to remedy the defects. Of course the new procedures were not available to petitioner, and his case is governed by Moore, Slocum [Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795] and Koppal. The contrast between the administrative remedy before us in Maddox and that available to petitioner persuades us that we should not overrule those decisions in *his* case." (Emphasis supplied). Walker v. Southern R. Co., *supra* at 198, 87 S.Ct. at 366.

Reverting once more to *Maddox,* we find footnote 14 too significant not to be quoted.

**1224**

"By refusing to extend Moore v. Illinois Central R. Co. to § 301 suits, we do not mean to overrule it within the field of the Railway Labor Act. Consideration of such action should properly await a case presented under the Railway Labor Act in which the various distinctive features of the administrative remedies provided by that Act can be appraised in context, e. g., the make-up of the Adjustment Board, the scope of review from monetary awards, and the ability of the Board to give the same remedies as could be obtained by court suit." Republic Steel Corp. v. Maddox, *supra*, 379 U.S. at 658, 85 S.Ct. at 619.

We conclude that whereas *Walker* did not present the case for which the Supreme Court was waiting in which to overrule *Moore* and *Koppal* in that plaintiff in that case had been precluded from benefiting by the 1966 Amendments to the Act (which Amendments significantly accelerated the procedures for obtaining action by and relief from the National Railroad Adjustment Board and provided for the first time entree directly to the District Courts of the United States for employees not prevailing before the Board), the case at bar is precisely the case for which the Supreme Court has been waiting in that there is no contention that the plaintiff here could not enjoy all the benefits of the 1966 Amendments.

Appellees urge that we should follow *Moore* and *Koppal* until they are actually overruled by the Supreme Court. Normally such urging would be unnecessary, but here it must be unavailing. We agree with this comment by Mr. Justice Black in the sole dissenting opinion in *Maddox:* "The Court recognizes the relevance of Moore and Koppal and, while declining expressly to overrule them in this case, has raised the overruling axe so high that its falling is just about as certain as the changing of the seasons." Accordingly, the judgment appealed from is affirmed.