**Amas M. McGANN, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPANY, a Utah corporation,
Defendant.**

**Civ. No. 70–800.**

United States District Court,
D. Oregon.

July 27, 1971.

Pozzi, Wilson and Atchison, Portland, Or., for plaintiff.

Randall B. Kester, Walter J. Cosgrave, Frank H. Lagesen, Portland, Or., for defendant.

## MEMORANDUM OPINION AND ORDER

ALFRED T. GOODWIN, District Judge:

Plaintiff sued for damages arising out of an alleged wrongful discharge from his employment as a railroad brakeman. Defendant has moved to dismiss the action on the ground that the subject matter of the claim is within the exclusive, primary jurisdiction of the National Railroad Adjustment Board (NRAB).

Plaintiff relies principally upon Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941), and Transcontinental and Western Air, Inc.

v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325 (1953), for the proposition that the Railway Labor Act does not require that a trainman exhaust his administrative remedies under the Act before instituting a damage suit for wrongful discharge, so long as such an action is recognized by the applicable state law, and so long as that state law does not require that the trainman exhaust his administrative remedies.

However, as the Ninth Circuit has recently explained in Sullivan v. Pacific and Arctic Railway and Navigation Co., 439 F.2d 267 (9th Cir. 1971), the theoretical bases of *Moore* and *Koppal* have increasingly been called into question by a series of Supreme Court decisions. In Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), the Court held that a steel company's employee had to exhaust his administrative remedies under the Labor Management Relations Act before suing for severance pay under a collective-bargaining agreement. The Court refused to apply the rule of *Moore* and *Koppal* to cases arising under the Labor Management Relations Act. The majority noted that since the time of *Moore* and *Koppal* "the Court has made it clear that substantive federal law applies to suits on collective bargaining agreements covered by § 204 of the Railway Labor Act * * *." Republic Steel Corp. v. Maddox, 379 U.S. at 655, 85 S.Ct. at 618. Exhaustion of administrative remedies is, of course, a part of the substantive federal law. International Assn. of Machinists, A.F.L.–C.I.O. v. Central Airlines, Inc., 372 U.S. 682, 83 S.Ct. 956, 10 L.Ed.2d 67 (1963).

The administrative remedies available under the Railway Labor Act were inadequate when *Moore, Koppal,* and *Maddox* were decided. In 1966 Congress enacted Pub.L. No. 89–456, 80 Stat. 208, amending 45 U.S.C. § 153, in order to cure these defects. To remedy the delay problem, the 1966 amendments afforded the employer and the employees' representative union the opportunity to proceed before special adjustment boards. 45 U.S.C. § 153 Second. Further, the amendments afforded employees the right to appeal from adverse monetary judgments by the Board. 45 U.S.C. § 153 First (m), (p), and (q).

The Supreme Court has not yet reconsidered *Moore* in the light of the 1966 legislation. In Walker v. Southern Railway Co., 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294 (1966), the Court noted that when the plaintiff there had been discharged the 1966 amendments had not yet been enacted.

While plaintiff asserts that despite the 1966 amendments, the Railway Labor Act's defects persist, he offers little authority to substantiate his claim.

Both the Ninth and Fifth Circuits have held that the 1966 amendments have cured the defects in the Railway Labor Act. See Sullivan v. Pacific and Arctic Railway and Navigation Co., 439 F.2d at 272, n. 5, and Andrews v. Louisville & Nashville Railroad Co., 441 F.2d 1222 (5th Cir. 1971), which specifically refused to follow the *Moore* and *Koppal* cases, thus affirming a district court's order requiring that a discharged trainman exhaust his administrative remedies under the Act before bringing an action.

I believe that both *Sullivan* and *Andrews* have correctly perceived the trend of the Supreme Court in this area.

Defendant's Motion for Dismissal is allowed.

It is ordered that the action is dismissed.