158 So.2d 492

**REPUBLIC STEEL CORP.**

**v.**

**Charlie MADDOX.**

**6 Div. 696.**

Supreme Court of Alabama.

March 14, 1963.

Rehearing Denied Dec. 12, 1963.

Moore, Thomas, Taliaferro & Burr, Jas. R. Forman, Jr., and Samuel H. Burr, Birmingham, for petitioner.

Brobston & Brobston and R. L. Jones, Bessemer, opposed.

LIVINGSTON, Chief Justice.

Certiorari to the Court of Appeals of Alabama to review the opinion of the Court of Appeals in the case of Republic Steel Corporation, a Corporation, v. Charlie Maddox.

The sole question involved in this proceeding is whether or not the plaintiff below

must have exhausted administrative remedies before resorting to the courts of Alabama for the breach of an employment contract in failing to pay an employee severance pay upon the permanent closing of a mine.

The facts are agreed to by the parties as shown by the opinion of the Court of Appeals.

The petitioner, the Republic Steel Corporation, seems to insist that the adjudicated cases support the theory that administrative remedies must be exhausted except in wrongful discharge cases, as in Moore v. Illinois Central Railroad, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089.

On the other hand, the respondent's contention is that under the law of Alabama, administrative remedies need not be pursued where the relationship of the employer and employee has terminated at the time the proceedings are instituted.

The decision of the Court of Appeals rests largely on the recent decision of this court in the case of Woodward Iron Co. v. Stringfellow, 271 Ala. 596, 126 So.2d 96.

But petitioner insists, as regards the Stringfellow case, that there is now a body of federal law which preempts state law, making mandatory on the employee the use of arbitration and grievance procedures as set out in the union contract. It is insisted here that since the instant case is one involving severance pay, the Stringfellow decision is not applicable. In support of this position, petitioner cites the case of Pennsylvania Railroad Co. v. Day, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422, and insists that this case draws a distinction between wrongful discharge cases and an action by an employee in other types of union contract actions. It is conceded that Moore v. Illinois Central Railroad, supra, is still the law as recognized by the federal courts, but it is insisted that any other type of breach claimed under a union contract

is not within what the petitioner terms "the wrongful discharge exception."

■ We think there is a distinction between that group of cases requiring exhaustion of administrative remedies, and that group of cases which permit the plaintiff to resort directly to the court for his remedy. We think the distinction recognized by all the cases is between that group of cases where the employer-employee relationships still exist, or where the damages claimed relate to a period of time when the employment relationship existed between the parties on the one hand and that group of cases where the employment relationship has ceased and the employee is suing for damages resulting from a breach of the contract not related to any continuing employer-employee relationship.

In the case of Slocum v. Delaware L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795, the court distinguished between the situation there presented and the Moore case, supra, which is emphasized by Justice Frankfurter in the Day case. This distinction in no way puts the wrongful discharge cases into one category and all other cases into another category. The cases cited by petitioner where the courts have required the plaintiff to resort to administrative remedies of grievance and arbitration under the union contract, the plaintiff's claim was based on either differences by way of lost earnings since the date of discharge, plus a prayer for reinstatement of employment status, or additional compensation claimed by the plaintiff to be due during the terms and during the time of the employment relationship. On the other hand, the Moore case held that where the employee accepted his discharge as final and brought an action for damages by way of lost earnings for duration of the union contract, he could resort to courts directly without having to exhaust his administrative remedies.

We think a claim for severance pay is analogous to a claim for damages by way of

lost wages resulting from wrongful discharge. The very nature of the claim for severance pay precludes the relationship of employer and employee. The contract involved in this case gives the employee the election to remain on the unemployment list subject to recall as an employee, or to sever his relationship as an employee and claim severance pay. His suit for severance pay manifests this election, and the damages which he now seeks in no way relate to the continuing existence of the employer-employee relationship, nor are they based on a claim for additional compensation which allegedly accrued during the employment status.

 Severance pay, by its very definition, means compensation due an employee, upon the severance of his employment status with the employer. He must accept his discharge as final before any claim for severance pay can be made. A payment of severance pay by the employer and the acceptance of the same by the employee would, in our opinion, be the complete manifestation of the termination of the employment relationship. A claim for severance pay could never arise during the employment relationship of the parties. Under the very terms of the contract itself, the plaintiff here must elect to terminate his employment with the employer in order to make a claim for severance pay.

In the case of Transcontinental & Western Air, Inc., v. Koppal, 345 U.S. 653, 73 S. Ct. 906, 97 L.Ed. 1325, the Supreme Court granted certiorari "because of differing opinions expressed as to the effect of our decisions in Moore v. Illinois Central Railway Co., 312 U.S. 630, 61 S.Ct. 754, 85 L. Ed. 1089, and Slocum v. Delaware L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795, and due to the importance of the cases in relationship to the Railway Labor Act, * * *"

The court there held that under Missouri law, the respondent was required to show exhaustion of administrative remedies under his employment contract in order to sustain his cause of action. Later federal cases seem to accept the distinction made in the Moore case. It was said in Anson v. Hiram Walker and Sons, Inc., 7 Cir., 222 F.2d 100, in referring to the decision by the Supreme Court in the Koppal case, supra:

"* * * the court held that the plaintiff had a right to maintain the suit, irrespective of the provisions of the Act, provided the law of the state in which the suit was brought permitted such suits without showing compliance with or exhaustion of administrative remedies and, obviously, that whether the state law so provided was to be determined from the law of the state. * * *"

Other jurisdictions have recognized the distinction made by the Supreme Court in the Moore case and other federal cases which deny recovery because of failure to exhaust administrative remedies. These cases are reviewed in the recent decision by the Supreme Court of Oregon in the case of Springer v. Powder Power Tool Corp., 220 Or. 102, 348 P.2d 1112. The court there said:

"Since this is in essence an action by individual employees against their employer to recover retroactive pay claimed to be due under a collective bargaining agreement, we are not deprived of jurisdiction by § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A., § 185, as interpreted in Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972. Assuming that § 301 is applicable and that a federal court might also have jurisdiction, the courts seem agreed that the state and federal jurisdiction is concurrent. * * *"

In the case of Jenkins v. Wm. Schluderberg-T. J. Kurdle Co., 217 Md. 556, 144 A. 2d 88, the Supreme Court of Maryland dis-

cussed claims of employees arising under labor contracts, stating generally that before an individual could maintain a suit against his employer, he must show that he has exhausted his administrative remedies under a collective bargaining agreement between the employer and the union of which he is a member. It was recognized by the Maryland Court, however, that other states do not require the employee to exhaust his administrative remedies.

It is our opinion that the claim for severance pay by the respondent manifests his election to, and does, sever his relationship as an employee of petitioner, and that the Moore case, supra, still has a field of operation, and that the instant case, by analogy, is in the same category. We hold, therefore, that the respondent did not have to exhaust his administrative remedies before suing for his severance pay.

The case is affirmed.

SIMPSON, MERRILL and COLEMAN, JJ., concur.