326 So.2d 289

**Arthur B. HAYES**

v.

**ALABAMA DRY DOCKS AND SHIPBUILDING CO.**

**SC 1480.**

Supreme Court of Alabama.

Jan. 22, 1976.

Frankie Fields Smith, Mobile, for appellant.

Brock B. Gordon, Mobile, for appellee.

MERRILL, Justice.

Plaintiff filed a complaint alleging his wrongful discharge by defendant on March 10, 1975. Defendant filed a motion to dismiss with prejudice on March 27. The motion was granted June 17 after argument of counsel. A motion to reconsider was made on June 23, and after oral arguments, denied on August 1. We affirm.

The only theory for recovery set out in the complaint was the alleged wrongful discharge from employment. Attached to and made a part of the complaint was a labor agreement between plaintiff's national labor union and defendant, a company engaged in interstate commerce. The labor agreement provides for binding arbitration on the question of discharge.

The primary ground of relief sought in the complaint is specific performance, and incidental relief by way of damages is claimed. The trial court gave no written reason for granting the motion to dismiss, but plaintiff argues that it was because the single ground of defendant's motion was that the complaint " * * * fails to state a claim upon which relief can be granted in that the laws of this state do not permit the maintenance of an action for specific performance of a contract of employment."

Title 9, § 55, Code 1940, lists certain types of obligations that cannot be strictly enforced, and among them are, "An obligation to render personal service" and "An obligation to employ another in personal service."

Plaintiff apparently concedes in brief that specific performance would not lie but

he contends ARCP "require that the Court look beyond the demand for relief on the surface of the Complaint to determine the appropriate relief the litigant may be entitled to."

Here, the only other relief would be damages for the alleged wrongful discharge.

At one time (1963), this court held that it had the right to determine the damages for a wrongful discharge from employment in a case similar to this one now before us. It was so held in *Republic Steel Corp. v. Maddox*, 275 Ala. 685, 158 So.2d 492. But that decision was reversed in 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580. We understand the holding of the Federal Supreme Court to be that generally: (1) state law is pre-empted by federal labor law; (2) the employee must attempt to implement the grievance procedure provided in the labor agreement; (3) the grievance procedures must be exhausted, and (4) the grievance procedure in the agreement provides the claimant an exclusive means of redress.

This is the compelling reason why we must hold that plaintiff's suit was properly dismissed.

Affirmed.

HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.